UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LETTER ROGATORY – REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE HARJU COUNTRY COURT IN ESTONIA PETITION OF LYONESS EESI OÜ, CIVIL MATTER NO. 2-16-599<br><br>FOR INFORMATION FROM AUTOMATIC INC. | Case No. 17-mc-80044-MEJ<br><br>**ORDER GRANTING PETITION**<br><br>Re: Dkt. No. 1 |

## INTRODUCTION

Petitioner United States of America ("Petitioner"), on behalf of the Harju County Court in Estonia (the "Estonia Court"), filed this *ex parte* Application pursuant to 28 U.S.C. § 1782. Appl., Dkt. No. 1; Mem. in Support of Appl. ("Mem."), Dkt. No. 1-1. Petitioner requests the issuance of an order authorizing it to obtain discovery from Automatic Inc. ("Automattic")[1] for the Estonia Court's use in a foreign proceeding pursuant to 28 U.S.C. section 1782. *See id*. Having considered Petitioner's papers, the record in this matter, and the relevant legal authority, the Court now issues the following Order.

## BACKGROUND

The Estonia Court requests that the United States Attorney's Office for the Northern District of California obtain information and documents from Automattic, a company located in San Francisco, California. Mem. at 1; Molinari Decl. ¶ 2, Dkt. No. 2; *id*., Ex. A (Request for Int'l Assistance), Dkt. No. 2-1. Automattic describes itself as "the people behind WordPress.com, . . .

---

[1] Petitioner's Motion and the Declaration of Gioconda Molinari spell the respondent's name as "Automatic" but it is in fact spelled "Automattic." *See* Molinari Decl., Ex. C (email from Automattic). The Court adopts this spelling throughout the Order.

[whose] common goal is to democratize publishing so that anyone with a story can tell it. . . ."[2]
The Estonia Court seeks pre-trial discovery for use in a pending lawsuit brought by Lyoness Eesti OÜ ("Lyoness") related to "incorrect factual allegations" published on a WordPress.com web page. Molinari Decl. ¶ 4 & Request for Int'l Assistance. Specifically, the Estonia Court seeks:

> (1) Information submitted at the moment of registration of the web page https://petuskeem.wordpress.com, including the IP address used upon registration, the username, given names and surnames, dates of birth, e-mail address, and other information submitted together with any information provided by later amendments; and
>
> (2) Information submitted upon adding and changing information on the web addresses https://petuskeem.wordpress.com, https://petuskeem.wordpress.com/ulejaanud, and https://petuskeem.wordpress.com/lyoness-eesti/, including IP addresses, usernames with dates, when these IP addresses and usernames were used for changing the web pages, and the e-mail address and other known information used by the person who added the information on the web page.

Molinari Decl. ¶ 3 & Request for Int'l Assistance.

By letter dated January 9, 2017, Petitioner requested Automattic voluntarily provide the requested information. Molinari Decl. ¶ 5. On January 17, 2017, Automattic informed Petitioner that it will not voluntarily provide the requested information, but will respond to a subpoena. *Id.* ¶ 6 & Ex. C (email from Wordpress).

On March 29, 2017, Petitioner filed the instant application. Petitioner also requests the Court appoint Assistant United States Attorney ("AUSA") Gioconda Molinari as Commissioner and authorize her to obtain the requested information from Automattic.

## LEGAL STANDARDS

The purpose of Section 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782(a) provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may

---
[2] Automattic, About Us, https://automattic.com/about (last visited April 18, 2017).

> direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

Before granting a Section 1782 application, courts first must confirm three statutory requirements are present: "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is a foreign or international tribunal or an interested person." *In re Ex Parte Apple Inc.* ("*Apple*"), 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (citation and internal quotation marks omitted). If the three requirements are present, and if discovery would not violate any legally-applicable privilege, "a district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004) (quotation omitted); 28 U.S.C. § 1782(a).

If these statutory requirements are present, district courts consider four factors (the "*Intel* factors*") in deciding whether to exercise their discretion:

> (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome."

*Apple*, 2012 WL 1570043, at *1 (quoting *Intel*, 542 U.S. at 264-65). Additionally, district courts must exercise their discretion with the "twin aims" of Section 1782 in mind: (1) "providing efficient assistance to participants in international litigation" and (2) "encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (internal quotation marks omitted).

Although *ex parte* requests are generally disfavored because they disrupt the adversarial system, an *ex parte* application pursuant to Section 1782 is an acceptable method for requesting discovery because it provides procedural safeguards. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (*ex parte* application acceptable because subpoenaed parties may raise objections and exercise their due process rights by motioning the court to quash the subpoenas); *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922

(N.D. Cal. 2014) ("It is common for parties to file *ex parte* applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." (footnote and internal quotation marks omitted)); *see In re Judicial Assistance Pursuant to U.S.C. Sec. 1782 ex rel. Macquarie Bank Ltd.* ("*Macquarie Bank*"), 2014 WL 7706908 at *1 (D. Nev. June 4, 2014) (section "1782 petitions are frequently reviewed on an *ex parte* basis.").

## DISCUSSION

### A. Statutory Requirements

Petitioner has established the Application meets the minimum statutory requirements of Section 1782. First, Automattic is headquartered in San Francisco, California (Molinari Decl., Ex. C), which is in this District. Second, the requested discovery is for use in a proceeding before a foreign tribunal, i.e., a lawsuit brought in the Estonia Court by Lyoness. Third, Lyoness is an "interested person" under Section 1782. *See Intel*, 542 U.S. at 256 (litigant in a foreign action qualifies as an interested person under Section 1782). This Court has the authority to compel discovery under Section 1782.

### B. *Intel* Discretionary Factors

While the Court has the authority to grant discovery under Section 1782, it retains discretion to decide what discovery, if any, should be permitted. *See Intel*, 542 U.S. at 264-65. The Court uses the four *Intel* factors to assist in this determination. "Although the Court individually analyzes each discretionary factor, they are not stand-alone categorical imperatives but rather involve overlapping considerations, which are considered collectively by the [C]ourt." *In re Appl. of Joint Stock Co. Raiffeinsenbank*, 2016 WL 6474224, at *4 (N.D. Cal. Nov. 2, 2016) (internal quotation marks and citation omitted).

1. Participant in the Foreign Proceeding

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. "[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising

4

abroad." *Id*. Foreign tribunals can compel discovery from parties appearing before them, obviating the need for U.S. judicial assistance; however, entities or persons outside a foreign tribunal's jurisdiction may possess evidence that is unobtainable absent Section 1782 aid. *Id*.

The Court's main concern is whether the evidence sought is within reach of the Estonia Court. *Macquarie Bank*, 2015 WL 3439103, at *6 ("[T]he key issue is whether the material is obtainable through the foreign proceeding." (citation omitted)). This factor weighs in Petitioner's favor: the record does not indicate Automattic is or will be a participant in the foreign proceedings, thus the evidence requested appears to be beyond the Estonia Court's jurisdiction.

### 2. Receptivity of Foreign Tribunal to Judicial Assistance

The second *Intel* factor contemplates "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Specifically, the issue is whether the foreign tribunal "is willing to consider the information sought." *Siemens AG v. W. Digital Corp.*, 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013).

This factor weighs in favor of Petitioner. On February 17, 2016, the Estonia Court requested information from Automattic to establish the identity of the individual(s) publishing information on specific web pages. Molinari Decl. ¶¶ 3-4. It is reasonable to believe the Estonia Court will consider the evidence sought given the Estonia Court requested it. *See* Request for Int'l Assistance.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions

The third *Intel* factor is whether the Section 1782 request is "an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Courts are not required to determine whether an applicant has exhausted its discovery attempts abroad; however, "a perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Cathode Ray Tube Antitrust Litig.*, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013) (citing *In re Appl. of Caratube Int'l Oil Co.*, 730 F. Supp. 2d 101, 107-08 (D.D.C. 2010)). Where a foreign court has requested the information there is a presumption that the application is not an

attempt to circumvent foreign proof-gathering procedure. *See In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) ("[T]he [foreign] court requested the information, so it is clear that it is receptive to this court's assistance and that the request is not an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."); *see also Digital Shape Techs., Inc. v. Glassdoor, Inc.* ("*Digital Shape*"), 2016 WL 6995881, at *3 (N.D. Cal. Nov. 30, 2016) ("[T]he [foreign] court's order authorizing issuance of the subpoena demonstrates that the request is not an attempt to circumvent proof-gathering restrictions in either [the foreign jurisdiction] or the United States.").

There is no indication Lyoness seeks to bypass proper proof-gathering policy or procedure in either Estonia or the United States; on the contrary, the Estonia Court issued a ruling on behalf of Lyoness requesting the assistance of the U.S. Department of Justice to obtain the information. Molinari Decl. ¶ 4; Request for Int'l Assistance. The Court finds that the third *Intel* factor weighs in favor of Petitioner.

4. Undue Intrusion or Burden

The final *Intel* factor asks whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Discovery requests must be "proportional" considering "the issues at stake in the action . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *Qualcomm*, 162 F. Supp. 3d at 1043 (citation omitted). "[U]duly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265.

The Court finds the fourth *Intel* factor also weighs in favor of granting the Application. Petitioner requests specific private user information from Automattic in order to establish the proper parties to name as defendants in the Estonia Court proceeding. *See* Molinari Decl. ¶¶ 3-4. This information is necessary for resolving the issues at stake in the Estonia Court action. Petitioner has sufficiently confined its request to specific web addresses and user information for

the user(s) who created and edited the web pages at issue in that lawsuit. *Id*. Although Petitioner seeks private user information, the Court cannot conclude at this time that the request is unduly intrusive or burdensome. *See Digital Shape*, 2016 WL 6995881, at *1 (granting discovery of online information removed from a website, along with the email and internet protocol ("IP") addresses of the individuals who had submitted the removed information); *see Assef v. Does 1-10*, 2015 WL 3430241, at *2 (N.D. Cal. May 28, 2015) (allowing discovery of documents sufficient to identify the names, addresses, telephone numbers, and IP and email addresses of individuals or entities who created, owned, and operated a blog); *see also In re Roebers*, 2012 WL 2862122, at *3 (N.D. Cal. July 11, 2012) ("Internet service providers and operators of communications systems are generally familiar with this type of discovery request. [Petitioner's] request does not appear to be unduly intrusive or burdensome. Should any of the subpoenaed entities believe that it is, they may raise the issue at that time."). If Automattic seeks to challenge Petitioner's subpoena, the Court's ruling does not preclude it from bringing a motion to quash or modify.

**CONCLUSION**

In light of the foregoing analysis, the Court finds Petitioner establishes the statutory requirements of Section 1782 and that the discretionary *Intel* factors weigh in favor of granting the Application. Accordingly, the Court GRANTS Petitioner's Application, appoints AUSA Molinari as Commissioner, and authorizes Molinari to obtain the requested information from Automattic. Petitioner shall serve the subpoena along with a copy of this Order and must include a return date at least 21 days after service.

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge